RIETZ v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 13, 1919.)

No. 5212.

ARMY AND NAVY ☞40—VIOLATION OF ESPIONAGE ACT—SUFFICIENCY OF EVIDENCE.

Evidence *held* to sustain a conviction for violation of the Espionage Act (Comp. St. 1918, § 10212c), by using language with intent to obstruct recruiting and enlistment.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Criminal prosecution by the United States against Edwin Rietz. Judgment of conviction, and defendant brings error. Affirmed.

Norman B. Bartlett and Lester T. Van Slyke, both of Aberdeen, S. D., for plaintiff in error.

Robert P. Stewart, U. S. Atty., of Deadwood, S. D. (Edmund W. Fiske, Asst. U. S. Atty., of Sioux Falls, S. D., and George Philip, Asst. U. S. Atty., of Rapid City, S. D., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The defendant was convicted upon an indictment charging him with violating the second and third clauses of section 3 of the Espionage Act (Act June 15, 1917, c. 30, tit. 1, 40 Stat. 219 [Comp. St. 1918, § 10212c]). Counts 2 and 5 charge the use of certain language for the purpose of causing disloyalty, insubordination, mutiny, and refusal of duty in the military forces, in violation of clause 2 of the section referred to; counts 3 and 6 charge the use of the same language with intent to willfully obstruct the recruiting and enlistment service, in violation of clause 3. As some of the language is offensive, we do not deem it necessary to set it out. Both the language and the circumstance under which it was used were, in our judgment, of a character to justify the court in submitting the case to the jury under counts 3 and 6 of the indictment. As the punishment was not greater than that permitted upon either count, and the sentences run concurrently, we do not express any opinion as to counts 2 and 5.

The errors relied upon have all been ruled, in decisions filed since the writ was sued out in the present case, adversely to the defendant, both by this court and the Supreme Court. Doe v. United States, 253 Fed. 903, —— C. C. A. ——, O'Hare v. United States, 253 Fed. 539, —— C. C. A. ——; Debs v. United States, 249 U. S. 211, 39 Sup. Ct. 252, 63 L. Ed. ——; Schenck v. United States, 249 U. S. 47, 39 Sup. Ct. 247, 63 L. Ed. ——; Frohwerk v. United States, 249 U. S. 204, 39 Sup. Ct. 249, 63 L. Ed. ——.

The judgment is affirmed.